UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Kirby Sandvik,

Debtor.

_____/

Bankruptcy No. 04-31324
Chapter 7

**MEMORANDUM AND ORDER**

This matter is before the court on the objection of Kip M. Kaler, the Chapter 7 trustee assigned to this case, to the Debtor's claimed exemptions.

On July 27, 2004, Debtor Kirby K. Sandvik filed a voluntary chapter 7 bankruptcy petition. On schedule C, filed August 11, 2004, the Debtor claimed as exempt "American Funds IRA" valued at $4,100.00 pursuant to N.D.C.C. § 28-22.03.1(3). He listed a "Dacotah Paper Profit Sharing Plan" as excluded from property of the estate and valued at $204,225.00. He also listed several pieces of property as exempt under N.D.C.C. § 28-22-03: a one-half interest in a 1994 trailer with a value of the claimed exemption of $1,647.00; all household goods and furnishings valued at $1,000.00; and two checking accounts valued at $100.00. On September 29, 2004, the Debtor filed an amended schedule C adding the following claimed exemptions in property under N.D.C.C. § 28-22-03: real property described as 1725 15th Street S, Fargo with an unknown value; a Browning pistol valued at $100.00; a Remington 1100 valued at $100.00; a Remington 7600 270 valued at $250.00; a Remington 7600 30/7 valued at $250.00; a Remington 870 valued at $75.00; and a Ruger 1022 valued at $50.00.

The trustee objects to the claimed exemptions on several bases. First, he asserts N.D.C.C. § 28-22-03 may not be used to exempt real property. Next, he objects to the Debtor's

AO 72A
(Rev.8/82)

claimed exemptions under N.D.C.C. § 28-22-03, asserting the Debtor is not the head of a household which is necessary to utilize the exemption of that statute. Lastly, he objects to the Debtor's claim of exemption of the IRA under N.D.C.C. § 28-22-03.1(3), asserting the statute limits a debtor to exemption of retirement accounts in the aggregate amount of $200,000.00. Because the Debtor is entitled to retain his profit-sharing plan under Patterson v. Shumate, 504 U.S. 753, 759 (1992) (holding that a debtor's interest in an Employment Retirement Income Security Act (ERISA) qualified retirement plan is excluded from the bankruptcy estate), the trustee argues the Debtor has reached the limit of the exemption under section 28-22-03.1(3) and objects to the exemption of the IRA in its entirety.

By response filed October 7, 2004, the Debtor concedes the trustee's objection with respect to the real property described as 1725 15th Street South, Fargo is well founded and does not resist the trustee's objection as to that property. He does, however, resist the trustee's objections as to the other property claimed as exempt under N.D.C.C. § 28-22-03 and the IRA claimed as exempt under N.D.C.C. § 28-22-03.1(3).

The matter was heard on November 18, 2004.

## I.  Factual Background

The Debtor is 49 years old and works as a laborer at Dacotah Paper. He has a high school education and no formal occupational training.

The Debtor lists a 1994 trailer he co-owns with his brother as exempt. Although the Debtor claimed the trailer was worth $3,000.00 on his amended schedule C with his one-half interest valued at $1,647.00, he testified at the hearing that his one-half interest in the trailer is worth between $2,500.00 and $3,000.00. He testified the trailer is worth $7,000.00, but it has

2

water damage and needs maintenance repairs. A reaffirmation agreement entered between the Debtor and State Bank & Trust on September 13, 2004, shows the trailer has a value of $8,000.00 based on the National Automobile Dealers Association guide.

The Debtor testified that his current net monthly income is $2,458.68 and his expenses are $2,555.94. His monthly expenses include $290.00 for his home telephone and cellular telephones for himself and his 63-year-old sister, Roberta M. Martin. Martin and her 31-year-old son live with the Debtor. On his amended schedule I, the Debtor lists his niece's son as his dependant as well as Martin and her son.

Martin filed a Chapter 7 petition on July 27, 2004, and originally scheduled a monthly income of $854.00 comprised of $358.00 in wages and $496.00 in social security benefits. She scheduled $1,877.08 in monthly expenses, which do not include rent or utilities because the Debtor does not charge her rent or her portion of the utilities. She testified her share of the rent and utilities each month would be $625.00 based on the Debtor's $950.00 mortgage and $300.00 utilities expense. Martin's scheduled expenses include $500.00 per month for expenses associated with her grandchildren.

Subsequent to the filing of her petition and schedules, Martin changed jobs and began providing home health care. She testified that her income is currently $1,496.00 per month, comprised of $1,000.00 in wages and $496.00 in social security benefits. She testified that her expenses have increased since the filing of her bankruptcy. Specifically, her health insurance expense has increased from $295.60 to $340.00. Although she no longer claims a $500.00 expense associated with her grandchildren, she testified that her current expenses include $500.00 for her adult son's expenses, particularly his $439.00 monthly car payment. Martin

3

testified that although her son is not disabled, he has dyslexia and difficulty working. He is currently unemployed but is looking for work. Martin's current expenses and income leave her with a monthly shortfall of $425.48. She testified she has been told she may soon be receiving an additional $100.00 per month of social security benefits based on a former marriage.

II. Discussion

At the time a debtor files a Chapter 7 petition, a bankruptcy estate is created which is comprised of all of the debtor's legal and equitable interests in property. 11 U.S.C. § 541(a)(1). Section 522(b)(2)(A) of the Bankruptcy Code permits a debtor to exempt from the bankruptcy estate any property that is exempt under federal, state, or local law applicable on the date of the petition filing. 11 U.S.C. § 522(b)(2)(A). North Dakota is among the majority of states that have chosen to "opt out" of the federal exemption scheme and limit its residents to the exemptions allowable under North Dakota law. See N.D.C.C. § 28-22-17.

A.   "Head of a Family" Exemption

Section 28-22-03, N.D.C.C. affords an exemption of up to $5,000.00 in personal property for a claimant who qualifies as a "head of a family." This term is defined by § 28-22-01.1 as:

> 1. The husband or wife when the claimant is a married person.
> 2. Every person who has residing with him and under his care and maintenance, any of the following:
>    a. His child or the child of his deceased spouse, whether by birth or adoption.
>    b. A minor brother or sister or the minor child of a deceased brother or sister.
>    c. A father, mother, grandfather, or grandmother.
>    d. The father or mother or grandfather or grandmother of a deceased husband or wife.
>    e. Any other of the relatives mentioned in this section who have

4

>   attained the age of majority and are unable to take care of or support themselves.
> 3. Every person who provides support for unmarried minor children of a pervious marriage of the person, even though the children do not reside on the premises with the person.

N.D.C.C. § 28-22-01.1(2). The Debtor asserts his sister is his dependent, and he is therefore the head of a family and entitled to use the absolute exemptions provided in section 28-22-03.

The evidence is unequivocal that Martin is the Debtor's sister and lives with the Debtor, as required by section 28-22-01.1(2). The question is whether she is "unable to take care of or support" herself. See N.D.C.C. § 28-22-01.1(2)(e).

In determining whether Martin can support herself, an examination of her expenses is appropriate. As a Chapter 7 Debtor, Martin's $500.00 monthly contribution to her able-bodied adult son is not a reasonably necessary expense. See United States Trustee v. Miller (In re Miller), 302 B.R. 495, 502 (Bankr. M.D. Pa. 2003); In re Shaw, 311 B.R. 180, 184 (Bankr. M.D.N.C. 2003); Budp v. Romer (In re Romer), 254 B.R. 207, 213 (Bankr. N.D. Ohio 2000). In In re Wilkins, 1997 WL 1047545 (Bankr. D. Minn. 1997), joint debtors sought to claim adult children as their "dependents." The court noted the "wide array" of decisions on this point, but determined that the "sounder" view was that unemancipated minor children and disabled adult children who were de facto dependent should be considered eligible for support which is deductible for disposable income purposes. This court agrees that only legal dependents should be considered in such a determination. Once the contribution to her son is eliminated, Martin has a disposable income of $74.52.

The Debtor does indeed support Martin by allowing her to live with him rent- and utilities-free, but his doing so does not render Martin unable to support herself. Martin's

5

AO 72A
(Rev.8/82)

expenses simply do not include rent and utilities, and the Debtor's mortgage expense is the same regardless whether Martin lives with him. His utilities bill may be marginally higher as a result of another person in the home, but not significantly so. The Debtor's generosity and selflessness, though commendable, change neither the facts nor the law. Martin is able to support herself given her circumstances, and the Debtor therefore cannot be regarded as a "head of a family." The exemptions claimed under section 28-22-03 are disallowed.

At the hearing on the matter, the trustee raised the issue of the Debtor's valuation of the 1994 trailer he co-owns with his brother. Although the issue is mooted by the unavailability of the "head of a family exemption statute," the court observes that the trustee proved through the Debtor's testimony that the trailer has been undervalued in the Debtor's schedules.

B.     IRA Exemption

Section 28-22-03.1(3), N.D.C.C., provides, in relevant part, that in addition to the exemptions otherwise provided by law, a resident of the state may select:

> 3.     Pensions, annuity policies or plans, and life insurance policies that, upon the death of the insured, would be payable to the spouse, children, or any relative of the insured dependent, or likely to be dependent, upon the insured for support and which have been in effect for a period of at least one year . . . and proceeds, surrender values, payments, and withdrawals from such pensions, policies, plans, and accounts, up to one hundred thousand dollars for each pension, policy, plan, and account with an aggregate limitation of two hundred thousand dollars for all pensions, policies, plans, and accounts.

N.D.C.C. § 28-22-03.1(3).

The parties do not dispute that the Debtor's pension-sharing plan is excluded from property of the estate. See Patterson v. Shumate, 504 U.S. 753, 759 (1992). The parties do

6

disagree as to whether the Debtor's profit-sharing plan must be included in determining the aggregate amount of the Debtor's retirement plans under section 28-22-03.1(3).

This is a matter of first impression under North Dakota law, but the court is persuaded by a Minnesota bankruptcy court decision discussing the issue. In In re Hawkinson, 222 B.R. 334 (Bankr. D. Minn. 1998), the debtor had three retirement plans, two of which were ERISA qualified. The largest of the three plans was an IRA, which was not ERISA qualified. Hawkinson, 222 B.R. at 334. The trustee objected to the debtor's exemption claim relative to the IRA, arguing, as the trustee in this case, that the language of the state exemption statute requires inclusion of ERISA-qualified plans in calculating the amount of exemption available for non-ERISA plans. Id. at 335. Inclusion of the debtor's ERISA-qualified plans in the exemption calculation would have substantially reduced the available exemption for the IRA. Id. The court determined that despite the broad language of the Minnesota statute, its scope is limited to those plans that are not otherwise protected by ERISA. Id. As a result, the language in the statute regarding the limit on the aggregate value of the exemption is likewise limited to the debtor's interest in non-ERISA plans. Id.

Further, in In re Craig, 545 N.W.2d 764, 767 (N.D. 1996), the North Dakota Supreme Court determined that section 28-22-03.1(3) does not provide an unlimited monetary exemption, stating, "Instead of restating the list of personal property preceding the limitation phrase, the phrase groups the property into four categories, 'pensions, policies, plans, and accounts,' and limits each item to $100,000 with an aggregate limitation of $200,000 for *all* exempted items." This language is instructive because of the critical distinction between "excluded" and "exempted" property:

7

> Property which *is excluded* from the bankruptcy estate never becomes property of the bankruptcy estate; it is neither property of the estate at the inception of the bankruptcy case, nor at any later moment therein. Property which *may be exempted* from the bankruptcy estate becomes so *only after first having been property of the estate*. Although once part of the bankruptcy estate, it is subsequently removed therefrom by resort to exemptions afforded by applicable state or federal law.

In re Miller, 224 B.R. 913, 916 n.2 (Bankr. D.N.D. 1998). The North Dakota Supreme Court's language in Craig supports this court's conclusion that the $200,000 aggregate limitation applies only to exempted plans. Because the Debtor's profit-sharing plan is an excluded, not exempted, plan, it is not included in the calculation, and the Debtor's entire IRA is exempt under section 28-22-03.1(3).

Based on the foregoing, the trustee's objection to the Debtor's various claimed exemptions under N.D.C.C. § 28-22-03 is SUSTAINED, and the exemptions are disallowed. The trustee's objection to the Debtor's claimed exemption in his IRA under N.D.C.C. § 28-22-03.1(3) is OVERRULED, and the exemption is allowed.

**SO ORDERED.**

Dated this 1st day of December, 2004.

WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT

8